UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Rapid Metals, LLC,

    Debtor.

Bankruptcy Case No. 23-46098
Chapter 11
Hon. Maria L. Oxholm

**DEBTOR'S EX-PARTE MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO THE MOTION FOR ENTRY OF INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION; AND MOTION FOR ENTRY OF ORDER AUTHORIZING CONTINUED USE OF DEBTOR'S PREPETITION CASH MANAGEMENT SYSTEM, BANK ACCOUNT, AND BUSINESS FORMS**

NOW COMES Rapid Metals, LLC (the "Debtor") by and through its counsel, Stevenson & Bullock, P.L.C., and for its *Ex-Parte* Motion for an Order Shortening Notice and Scheduling an Expedited Hearing with Respect to the Motion for Entry of Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection; and Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms (the "Ex-Parte Motion"), states:

**Jurisdiction**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue for this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

4. On July 12, 2023 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the bankruptcy case.

7. An official committee of unsecured creditors (the "Committee") was appointed in this case on July 18, 2023 [Docket No. 18].

8. Detailed facts about the Debtor and the reasons for the commencement of the Chapter 11 case are set forth in the Declaration of Laura Marcero in Support of (a) Motion for Entry of Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection; and (b) Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms, which has been filed simultaneously with the filing of this Motion, and which is incorporated into this Motion by reference.

9. Contemporaneously herewith, the Debtor has filed the Motion for Entry of Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection; and Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms (collectively, the "Motions").

10. It is necessary that the Motions be hearing on an expedited basis for the following good cause:

    a. Time is of the essence in this case. It is imperative that the Debtor be afforded the ability to obtain use of its cash collateral so as to maximize value, which is in the best interests of all parties in interest in this Chapter 11 case.

    b. 14. The majority of the Debtor's value arises from collecting receivables and selling inventory on hand. There are administrative and operational costs associated with collecting and liquidating the collateral. Without the approval of the use of cash collateral, the Debtor will be unable to secure inventory, pay employees, pay necessary overhead expenses, and effectively maximize the recovery for all constituents.

    c. The Debtor has payroll obligations due on August 2, 2023, which must be met.

    d. The relief sought in the cash collateral motion is being sought on an interim basis, subject to further objection.

e. In all, the Debtor will suffer immediate and irreparable harm absent expeditious consideration of the Motions.

### Authority

11. This Court has authority to shorten time for hearing on the Motion pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure. Indeed, Rule 9006(c)(1) provides:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

12. Furthermore, Local Bankruptcy Rule 9006-1(b) provides:

> Unless prohibited by Bankruptcy Rule 9006, and to the extent otherwise permitted by the bankruptcy code and the Federal Rules of Bankruptcy Procedure, a party may file a motion for an ex parte order reducing or enlarging the time for a party to take any action or file any paper.

E.D. Mich. LBR 9006-1(b).

13. As set forth above, cause exists here to shorten the deadline for all parties to respond to the Motions and to schedule an expedited hearing on the Motions.

14. The Debtor respectfully requests that this Court schedule a hearing on or before August 1, 2023, provided that any timely objections are filed one day before the hearing, by 5:00 PM ET.

15. Attached as Exhibit 1 is a proposed Order shortening time for hearing on the Motion.

16. Pursuant to E.D. Mich. LBR 9014-1(h), counsel for the Debtor has been in communication with the Office of the United States Trustee, and Bank of America regarding the scheduling of an expedited hearing on the Motions.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter the Order attached hereto, scheduling a hearing on the Motions on or before August 1, 2023, provided that any timely objections are filed one day before the hearing, by 5:00 PM ET, and grant such other and further relief as it deems appropriate.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Ernest M. Hassan, III (P67815)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com
Email: ehassan@sbplclaw.com

Dated: July 26, 2023

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Rapid Metals, LLC,

          Debtor.

Bankruptcy Case No. 23-46098
Chapter 11
Hon. Maria L. Oxholm

## ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO THE MOTION FOR ENTRY OF INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION; AND MOTION FOR ENTRY OF ORDER AUTHORIZING CONTINUED USE OF DEBTOR'S PREPETITION CASH MANAGEMENT SYSTEM, BANK ACCOUNT, AND BUSINESS FORMS

This matter having come before the Court upon the Debtor's *Ex-Parte* Motion for Entry of Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection; and Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms (the "Expedited Hearing Motion"); the Court having reviewed the same and finding good cause to grant the relief provided herein;

NOW THEREFORE;

IT IS HEREBY ORDERED that:

1.     The Expedited Hearing Motion is granted.

2.     Any response to the (a) Motion for Entry of Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection;

or (b) Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms (collectively, the "Motions") shall be filed on or before _____, **2023 at 5:00 PM EST.**

    3.    If a timely response to the Motions is filed, the Court will hold an expedited hearing on the Motions on _____, **2023 at 11:00 AM EST,** before the Honorable Maria L. Oxholm. The hearing will be conducted by telephone. At least five minutes before the scheduled time for hearing, counsel and parties should call (877) 336-1831 and use Access Code 6226995. Counsel and parties should place their phone on mute and wait until their case is called before unmuting their phone and participating.

    4.    If no timely response to the Motions is filed, the Debtor may file a Certificate of No Response to the Motions.

    5.    The Debtor's counsel shall serve a copy of this Order within one (1) business day upon the creditor matrix and file a certificate of service with the Court evidencing the same.