IN THE MATTER OF:

| | |
|---|---|
| Rapid Metals, LLC,<br><br>　　　　　Debtor. | Bankruptcy Case No. 23-46098<br>Chapter 11<br>Hon. Maria L. Oxholm |

### ORDER AUTHORIZING THE CONTINUED USE OF DEBTOR'S PREPETITION CASH MANAGEMENT SYSTEM, BANK ACCOUNT, AND BUSINESS FORMS

This matter is before the Court on the Debtor's First Day Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms (the "Motion")[1] filed by Rapid Metals, LLC (the "Debtor"). The Court having considered the Motion and finding that it has jurisdiction over this proceeding; that this is a core proceedings; that the service and notice of the Motion was sufficient under the circumstances; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings as set forth in the Motion.

1. The Motion is GRANTED. Any objection to the Motion that has not been withdrawn, waived, resolved, or settled is hereby denied and overruled.

2. Subject to further order of this Court, the Debtor is authorized to utilize and maintain the deposit accounts in existence as of the Petition Date as well as any new accounts that may be opened at Bank of America, N.A. after the Petition Date (collectively, the "Bank Accounts") during the course of this Chapter 11 proceeding in the ordinary course of business without reference to the Debtor's status as Debtor in possession; *provided that* the Debtor will treat the Bank Accounts for all purposes as accounts of the Debtor as Debtor-in-possession; deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; and pay any ordinary course all service charges and other fees, costs, and expenses incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform its obligations under the documents governing the Bank Accounts. The Debtor is also authorized to maintain its prepetition cash management systems.

3. All banks at which the Bank Accounts are maintained (each a "Disbursement Bank") are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as Debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH

transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be. Those certain existing deposit agreements between the Debtor and the Disbursement Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Disbursement Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) either the Debtor or the Disbursement Banks may, without further order of this Court, implement changes to the Cash Management System and procedures in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of Bank Accounts.

4. The Debtor must, within seven (7) days of the entry of this Order: (i) open a new Chapter 11 DIP Professional Fee Escrow Account at Bank of America, N.A. (the "DIP Account") from which it will issue all payments, upon Court approval, and hold professional fee reserves.

5. Any checks issued from the DIP Account must be imprinted with the designation "Debtor-in-Possession: Case No. 21-46098" on their face.

6. The Debtor shall maintain accurate and detailed records in the ordinary course reflecting all transfers, so that all transactions may be readily ascertained,

traced, and recorded properly, and distinguished between prepetition and post-petition transactions.

7. In the course of providing cash management services to the Debtor, each of the banks at which a Bank Account is maintained is authorized, without further order of this Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or post-petition, from the appropriate accounts of the Debtor, and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

8. Each Disbursement Bank is authorized to debit the Debtor' accounts in the ordinary course and without further order of this Court on account of all checks drawn on the Debtor's accounts which have been cashed at such bank's counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

9. Any bank may rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor

prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtor, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures, shall be deemed to be nor shall be liable to any party on account of such prepetition check or other item being honored post-petition, or otherwise deemed to be in violation of this Interim Order.

10. Each of the Disbursement Banks is authorized to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Disbursement Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Disbursement Bank's receipt of notice of filing of the Petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Disbursement Bank prior to filing of the Petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to filing of the Petition; and (iii) all undisputed prepetition amounts outstanding

as of the date hereof, if any, owed to any Disbursement Bank as service charges for the maintenance of the cash management system.

11. The Debtor shall at all times maintain sufficient balances in accounts at each of the Disbursement Banks to secure its obligations to the Disbursement Banks for cash management and related services to the Debtor.

12. Nothing contained herewith shall prevent any of the Disbursement Banks from terminating any cash management services upon thirty (30) days prior written notice to the Debtor and upon terms reasonably satisfactory to such Disbursement Bank.

13. Any and all banks are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account and (b) accept and hold the Debtor' funds in accordance with the Debtor's instructions; provided that the Debtor's banks shall not have any liability to any party for relying on such representations.

14. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

15. Subject to further order of this Court, the Debtor is authorized to utilize and maintain all pre-petition Business Forms and related operational materials and practices as they existed as of the Petition Date.

16. Notwithstanding anything to the contrary contained herein, any payment to be made and any authorization contained hereunder shall be subject to (x) the interim order approving the Debtor's use of cash collateral (the "<u>Interim Financing Order</u>"), the budget governing any such debtor in possession financing and use of cash collateral; and (y) any and all claims, liens, security interests and priorities granted in connection with the use of cash collateral. To the extent there is any inconsistency between the terms of the Interim Financing Order and any action taken or proposed to be taken hereunder, the terms of the Interim Financing Order shall control.

17. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion and the Interim Financing Order.

20. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014, or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. The Court has and will retain jurisdiction to hear and determine all matters arising from the implementation of this Order in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this Order.

**Signed on August 2, 2023**



/s/ Maria L. Oxholm

Maria L. Oxholm
United States Bankruptcy Judge